UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CASE NO. 12-20071-CR-SEITZ

FRANCISCO CUBERO,

    Defendant.

_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND MEMORANDUM OF LAW

COMES NOW, the Defendant, FRANCISCO CUBERO, by and through his undersigned counsel and files this his Objections to the Presentence Investigation Report. In support, Mr. CUBERO states as follows:

### OBJECTIONS

1. Defendant objects to paragraph 20 at page 7 of the Presentence Investigation Report, hereinafter referred to as "PSI." This two level enhancement for distribution of child pornography should not apply to Mr. Cubero's conduct. In Count One, Mr. Cubero, pursuant to 18 U.S.C. Section 2252(a)(2), is charged with distribution of child pornography, which carries a mandatory minimum of five (5) years incarceration. The statute makes it a federal crime to knowingly receive or distribute material involving the sexual exploitation of minors. See also Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 83.2 (2010). The evidence which also includes Mr. Cubero's post arrest statements is that he used his HP laptop computer and peer-to-peer software to download and view child pornography. See PSI, paragraph 10 at page 5, Criminal Complaint (DE 1) at paragraph 14 and Factual Proffer (DE 27) paragraph 6 at page 3.

Mr. Cubero's actions are not indicative of expert knowledge about how peer-to-peer file sharing worked and of the "sharing" capabilities of the software he used. Mr. Cubero's computer could be accessed as did the agents on December 17, 2011, but he was not dissiminating the material. He downloaded it and possessed it for his viewing. See United States v. Petersen, 426 Fed. Appx. 852 (11th Cir. 2011) (unpublished opinion); United States v. Spriggs, 666 F.3d 1284 (11th Cir. 2012).

In addition, to apply this enhancement amounts to double counting and/or an unjust penalty for the same conduct which the statute charges. That is, the Defendant is exacted a mandatory minimum of five years for the receiving/distribution statute and then the Sentencing Guidelines are being upwardly adjusted to add additional time for what? The same behavior? The answer is yes and this enhancement should not apply.

2. Defendant seeks a 2 level decrease pursuant to U.S.S.G Section 2G2.2(b)(1), in that his conduct is more in line with the receipt and the obtaining of material for his personal use. Mr. Cubero did not intend to traffic in and/or per se distribute child pornography.

3. Defendant objects to paragraph 39 at page 8 of the PSI. The adjusted offense level should be 33.

4. Defendant objects to paragraph 31 at page 8 of the PSI. The total offense level should be 30.

5. Defendant objects to paragraph 57 at page 13 of the PSI. Based on a total offense level of 30 and a criminal history category of I, the guideline imprisonment range is 97 to 121 months.

6. Defendant requests that the Court recommend, to the Bureau of Prisons, that Defendant be placed in a South Florida Facility, the 500 hour Drug Program, mental health treatment, and the sex offender treatment program..

**MEMORANDUM OF LAW**
**AND REQUEST FOR VARIANCE**

In <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, (2005), the Supreme Court held that the Sentencing Guidelines are advisory only, not mandatory. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Id</u>. at 245, 125 S. Ct. at 767. After this Court calculates the Guidelines range, it may impose a more severe or more lenient sentence as long as the sentence is reasonable. <u>Id</u>. at 245, 125 S. Ct. at 767.

Mr. Cubero will be filing a detailed and more elaborative Sentencing Memorandum to supplement this request for a variance. In this pleading, Defendant points the Court to the need to avoid unwarranted sentencing disparity. Numerous district courts have imposed far below the Guidelines range for first time offenders in similar type situations as Mr. Cubero. <u>See United States v. Christopher Riley</u>, SDFL Case No. 09-CR-20221-KING and <u>United States v. Hanson</u>, 561 F. Supp. 2d 1004 (E.D. Wis. 2008). Furthermore, the Section 3553(a) considerations and the major flaws with Section 2G2.2 call for a sentence of not more than 60 months for Mr. Cubero.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2012, I electronically filed the foregoing document/pleading with the Clerk of the Court using CM/ECF.

        Respectfully submitted,

        MANUEL GONZALEZ, JR., ESQ.
        Attorney for Defendant
        2000 Ponce De Leon Blvd.
        Suite 614
        Coral Gables, Florida 33134
        (305) 444-1400
        (305) 938-5009 (FAX)

        BY: _/s/Manuel Gonzalez, Jr._
            MANUEL GONZALEZ, JR., ESQ.
            FLORIDA BAR NO. 397997
            mannylaw7@yahoo.com