UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,
VS.                                              CASE NO. 12-20071-CR-SEITZ

FRANCISCO CUBERO,

    Defendant.
_____/

## SUPPLEMENT TO SENTENCING MEMORANDUM

COMES NOW, the Defendant, FRANCISCO CUBERO, by and through his undersigned counsel and files this Supplement to Sentencing Memorandum for the court's consideration at Sentencing.

**I.**     **The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence and protect the public**

Any sentence this Court imposes must reflect the seriousness of the offense; promote respect for the law; provide just punishment and afford both specific and general deterrence. Mr. Cubero's advisory guideline range, per the PSI, is 151-188 months. If his objections are sustained, the advisory guideline range is 97-121 months. There is a mandatory minimum penalty of five (5) years, and a statutory maximum penalty of twenty (20) year sentence (Count 1). Counts 2 & 3 have no mandatory minimum and each has a statutory maximum penalty of ten years. Conversely, Congress concluded that there will be cases that while serious, warrant a sentence as low as five (5) years in prison.

Each case is unique and stands alone. But for the instant conduct, Mr. Cubero has lived his life following those rules set before him. He has had no prior contact with the criminal justice system. As a juvenile, in 1999, he was given a traffic citation for littering (i.e., throwing flyers out the window of a car). This was dismissed after completing the JASP program. In 2011, for a short period of time, he started to download child pornography, and committed the instant offense. Mr. Cubero has never communicated with a child online. His conduct did not escalate to having any physical contact with children. Yet, his advisory guideline range is near the statutory maximum. However, with his lack of criminal history, his ready admission of guilt, and his cooperation with law enforcement, at the time of his arrest, strongly support the proposition that with the proper help he should be able to return to society and live a productive and law abiding life.

The sentencing goals of Section 3553(a) can be achieved by a term of imprisonment shorter than that called for by the guidelines. Such a harsh sentence should be saved for only the worst offenders.

  **II.**  **The kind of sentences available, the sentencing range available for the type of sentence committed, and the need to provide the defendant with correctional treatment in the most effective manner.**

As previously discussed, this Court's range of options is limited only by the five (5) year mandatory minimum and the twenty (20) year ceiling set by Congress. As to the sentencing guideline range available, it is clear that the particular guideline, Section 2G2.2

does not reflect reasoned and sound judgment, and should not be considered a reasonable and appropriate sentencing option in this case. Judges across the country and this District have recognized the flaws inherent in the structure of Section 2G2.2 and are routinely granting variances.

As noted above, many district courts have imposed sentences far below the guidelines range for offenses involving the possession and transportation of child pornography. For example, in United States v. Handons, 561 F. Supp. 2d 1004 (E.D. Wisconsin 2008), the district court imposed a sentence of 72 months incarceration where the guideline Section 2G2.2 recommended a prison term of 210-262 months. In United States v. McBride, 511 F.3d 1293 (11th Cir. 2007) the Eleventh Circuit upheld a variance from a range of 151 – 188 months down to 84 months followed by 10 years of supervised release. The defendant possessed 981 images and 45 videos of child pornography. In arriving at its sentence, the district court noted that the defendant had been abandoned by his parents and sexually abused for years by his grandfather. The court found that in light of those and other factors, an eighty-four month sentence was sufficient.

In United States v. Gray, the district court imposed a sentence of 72 months imprisonment where the guideline range recommended 151-188 months. United States v. Gray, 453 F. 3d 1323 (11th Cir. 2006). Mr. Gray was charged with distribution of child pornography and the forensic examination revealed more than 300 images of child pornography. Id. at 1323. Mr. Gray admitted to law enforcement he downloaded images for approximately five years. Id. at 1323-1324. In the Gray case, the Appeals Court affirmed

because the district court took into account the defendant's "age, his prior minimal criminal conduct, and his medical condition." Id. at 1325. Mr. Gray was a 64 year old man with a minimal record, and heart condition.

In this District, courts have also refused to follow the severe advisory guidelines produced by Section 2G2.2. In the case of United States v. Riley, 644 F. Supp. 2d 1298(S.D. Fla. 2009), Judge King rejected the recommended sentencing range and sentenced the defendant to the statutory minimum term of sixty (60) months. In Riley, the defendant was actually conversing through an online chat room with a person he believed to be a single mother with a ten year old daughter. During the conversations, the defendant expressed an interest in engaging in sexual behavior with the mother and daughter and requested pictures of the daughter. After making contact with the defendant, FBI agents discovered 900 additional stills and 10 videos on his computer. In rejecting the advisory guideline range of 210-262 months, Judge King noted that the guidelines are entitled to deference when the Sentencing Commission produces them in accordance with their institutional role and where the guidelines are the result of a study of empirical data. However, Judge King concluded that little deference is owed to the guideline for child pornography cases since these guidelines did not exemplify the Sentencing Commission's exercise of its characteristic institutional role and empirical analysis. Id. at 1301. Also, Judge King discussed at length that due to arbitrary upward increases in the base offense

levels for child pornography and the near-automatic application of numerous specific offense enhancements (i.e., distribution, use of a computer, prepubescent victims and number of images), rarely, if ever, will a defendant score at the low end of the statutory range. Rather, almost all defendant's will score toward the high end of the statutory range, no matter their personal characteristics and degree of culpability. The Court found Mr. Riley to be a "fairly typical first time offender" and therefore more appropriately subject to the 60 month minimum proscribed by Congress. The conduct in the Riley case is clearly much more egregious than any conduct by Mr. Cubero.

Undersigned counsel hereby incorporates by reference all grounds, arguments, and sentencing factors set forth in the Sentencing Opinion and Order of the Honorable James Lawrence King in the case of U.S. v. Riley, SDFL Case No. 09-CR-20221-KING. Said Sentencing Opinion and Order is further identified as DE 38 in the official docket of the Riley case. A copy of said Sentencing Opinion and Order is attached as Exhibit No. 1.

Likewise, in United States v. Matthew Clark, Case No. 11-14064-CR-GRAHAM, in a case involving the same conduct as Mr. Cubero (viewing child pornography and uploading and storing child pornography on a file sharing network), Judge Graham varied from the advisory guideline range of 151-188 months to a sentence of 66 months. In United States v. Nat Lane, Case No. 10-14061-CR-MARTINEZ, Judge Martinez varied from the guideline range of 151 months to a sentence of 108 months. In United States v. Jose Selem, Case No. 11-20643-CR-SCOLA, the Court varied from the advisory guideline range of 151-188 months to a sentence of 120 months. In United States v. Mehrdad Sarlak, Case

No. 11-20078-CR-KING, defendant was also charged with distribution and possession of child pornography. Judge King varied from the advisory guideline range of 151-188 months to a sentence of 60 months.

In United States v. Demarco, Case No. 10-CR-20261-CR-MOORE, Judge Moore imposed a sentence of 60 months imprisonment followed by life term of supervised release. In that case, the defendant also used peer-to-peer file sharing system, had no criminal history, suffered from mental and emotional disorders, and never committed a contact sexual offense on a minor. The Eleventh Circuit has upheld sentences such as those described above, despite what are often significant departures from the advisory guideline range. See, e.g., United States v. Gray, 453 F.3d 1323 (11th Cir. 2006)(affirmed a variance to 72 months from the guideline range of 151 to 188 months).

In United States v. Shawn Beauvais, Case No. 12-60067-CR-SCOLA, the defendant was charged with distribution, receipt and possession of child pornography and Judge Scola sentenced him to 75 months imprisonment where the guideline range recommended 151-188 months. Defendant Beauvais was involved in on-line chat communications, under the name of Uncle Scotty, sharing and trading in child pornography with various individuals. He was intercepted by law enforcement in two unrelated investigations one of which revealed him sharing at least 2411 files as Uncle Scotty. The prosecutor's own assessment was that this case involved a massive collection of particularly abhorrent child pornography because so many depicted the sexual abuse of babies being vaginally and anally penetrated. After more than 4000 images and 1700

videos were found on the hard drive, the prosecutor advised the agent to cease her review. The government requested that the Court sentence the defendant to a term of 121 months representing a two level reduction/downward variance. Judge Scola's variance was the equivalent of 50% off the bottom of the advisory guideline range.

In United States v. Sajay Fays, Case No. 11-20581-CR-COOKE, the defendant was involved in online chats wherein he commented that he had a lot of files to share and he was charged with receiving and distributing as well as possession of child pornography. The low end of his advisory guidelines was 151 months. Judge Cooke granted a variance and imposed a 110 months sentence.

The government, in its Response in Opposition to Defendant's Objections to the PSI and Request for Variance (D.E. 41), at pages 25-27, cites to four cases to support why this Court should not grant a downward variance. However, in three of those cases the district court judges did in fact grant significant downward variances. In United States v. Carlos Ramirez, Case No. 11-20551-CR-SEITZ), the advisory guidelines recommended a guideline range of 210 to 240 months imprisonment. The government opposed the defendant's objections to the PSI and the request for a downward variance. There were 46 videos and 500 still images for a total of 3,950 images. According to the government's response and the Factual Proffer, the images that the defendant possessed portrayed sadistic or masochistic conduct. This Court sustained objections made and the recalculated guidelines were 121-151 months and the government took the position of 121 months and no variance. This Court sentenced Mr. Ramirez to 60 months of imprisonment.

-7-

In United States v. Ricardo Maciel, Case No. 10-20686-CR-JORDAN, the defendant was caught on seven occasions with distributing and/or sharing files on the internet and the number of videos seized were either 41 (i.e., 3,075 images) or 144 (i.e., 10,800 images). The government's response and the sentencing transcript refer to 144 videos but the Factual Proffer and the Criminal Complaint indicate 41 videos. Mr. Maciel was charged with distribution and receipt of child pornography and his advisory guidelines were 210-262 months. Judge Jordan granted a downward variance reduction of 66 months from the low end of the guidelines to a 144 month sentence.

In United States v. Jonathan Quintana, Case No. 10-20696-CR-GOLD, the defendant had been involved in child pornography for 2 ½ years for at least 3 hours a week, and the court found that the amount of images involved was a staggering 16,000. The advisory guideline range was 210-240 months, the statutory maximum. Judge Gold sustained objections to the PSI and the low end of the guidelines were 121 months. His sentence varied to 84 months and Judge Gold stated "… but for the number of images here and the length of time in which they were downloaded and kept, I would have considered a variance down to the 60 months." (D.E. No. 51 at page 26). Mr. Cubero's total images are 1,275 which is less than 8% of the amount of images in the Quintana case and his involvement is for only several months.

Finally, in United States v. Guillermo D. Martinez, Case No. 11-20718-CR-MOORE, the defendant benefitted from either his criminal savy or his good fortune. Martinez was only charged with possession of child pornography even though he had been

-8-

intercepted on file sharing network on at least three occasions. However, when law enforcement arrested him and seized his computer they were not able to retrieve all of the child pornography because Mr. Martinez had refurbished the computer (i.e., he had wiped it clean). He was only held accountable for 9 videos. Thus, instead of him scoring 151-188 months, he scored a low end of 78 months imprisonment and Judge Moore did not vary downwards. It would be rewarding someone for either their wrongdoing or good fortune. No matter what way you look at it, the government is asking this Court to punish Mr. Cubero at nearly double the sentence that Martinez received. That is not justice and Mr. Cubero asks for a variance and sentence of 60 months for a first time offender in line with the above-described cases in this district beginning with the Riley case and those that have followed.

WHEREFORE, Defendant, **FRANCISCO CUBERO**, respectfully requests that the Court consider this Supplement to Sentencing Memorandum, to vary from the recommended guideline range, and to sentence him to sixty (60) months imprisonment to be followed by five (5) years of supervised release.

        Respectfully submitted,

        MANUEL GONZALEZ, JR., ESQ.
        2000 PONCE DE LEON BLVD.
        SUITE 614
        CORAL GABLES, FLORIDA 33134
        (305) 444-1400
        (305) 938-5009 (FAX)


        BY:s/Manuel Gonzalez, Jr._____
           MANUEL GONZALEZ, JR., ESQ.
           FLORIDA BAR NO. 397997


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF this 22nd day of October, 2012.


        BY:s/Manuel Gonzalez, Jr._____
           MANUEL GONZALEZ, JR., ESQ.


-10-