UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,
VS.                                            CASE NO. 12-20071-CR-SEITZ

FRANCISCO CUBERO,

    Defendant.
_____/

## THIRD SUPPLEMENT TO SENTENCING MEMORANDUM

COMES NOW, the Defendant, FRANCISCO CUBERO, by and through his undersigned counsel and files this Third Supplement to Sentencing Memorandum (Sentencing Memorandum was filed, under seal, on 07/16/2012) for the court's consideration at Sentencing.

### Deference to the Federal Sentencing Guidelines

In a June 28, 2010 letter to the U.S. Sentencing Commission, the Director of the Department of Justice's Office of Policy and Legislation, Jonathan Wroblewski, encouraged the Commission to conduct a review of – and recommend reforming – the child pornography guideline. Noting that Congress has repeatedly directed the Commission to amend this guideline to increase base offense levels and add enhancements, Mr. Wroblewski urged the Commission to recommend to Congress legislation that would permit revision of the guideline to better account for offense severity and culpability.[1] The root problem is that the child pornography guideline was not developed by the Commission as directed in the Sentencing Reform Act. Rather, as the Department points out, the child pornography guideline has been driven up by congressional directives (some at the instance

of the Department itself) that were not based on empirical evidence regarding the manner in which these offenses are regularly carried out, technological realities, or the history and characteristics of these offenders.[2] As a consequence, the guideline became unduly severe. Many judges and prosecutors find that the guidelines for typical child pornography cases are too high and that they fail to differentiate between more and less serious offenses and offenders. This is evidenced by statistics and written judicial decisions explaining these problems.

The high rate of below-range sentences in child pornography cases does not reflect a disregard for public safety or a casual rejection of the guidelines generally. Judges departed or varied downward, for example, in only 7.6% of murder cases, 4.7% of manslaughter cases, and 1.9% of drug possession cases in 2010.[3] The child pornography cases in which unusually high rates of below-guideline sentences occur do not involve production of child pornography or any kind of sexual contact or abuse; they involve possession or receipt of child pornography.[4] Cases sentenced under this guideline, Section 2G2.2, comprise only 2% of all federal cases.

-2-

---

[1] Letter from Jonathan Wroblewski to Hon. William K. Sessions III, Chair, U.S. Sent'g Comm'n (June 28, 2010) at 6[hereinafter "Wroblewski Letter].

[2] The Wroblewski letter urges the Commission to recommend reforms of the child pornography guideline to better reflect offense seriousness and offender culpability, citing some of the congressional directives that have required increased guideline ranges over the years, including the PROTECT Act. *Id*. at 6. The Department notes in particular "enhancements for the use of a computer in the commission of the crime and for the number of images involved in the crime" as problematic. *Id*. The Commission was compelled to add the computer enhancement by the Sex Crimes Against Children Prevention Act of 1995 despite its objections to its breadth. *See* U.S. Sent'g Comm'n, Report to Congress, Sex Offenses Against Children at 28-30 (1996). The number of images enhancement was a direct amendment of the guideline, drafted by the employee of the Department of Justice and included in the PROTECT Act via the Feeney Amendment. See Pub. L. No. 108-21, Section 401(i)(1)(B),(C).

[3] U.S. Sent'g Comm'n, 2010 Sourcebook of Federal Sentencing Statistics, tbl. 27A.

[4] *Id.;* U.S. Sent'g Comm'n, Use of Guidelines and Specific Offense Characteristics Fiscal Year 2009. A small percentage of cases sentenced under this guideline (Section 2G2.2) involve "distribution," usually trading in kind over the internet (13.8% of all cases), and rarely for pecuniary gain (2.2% of all cases). *Id.*

The rate of non-government sponsored below-range sentences in child pornography cases sentenced under Section 2G2.2 was 22% in 2006, 27.2% in 2007, 35.7% in 2008, 43% in 2009, and 42.7% in 2010.[5] The rate of government sponsored below-range sentences in such cases was 9.4% in 2006, 7% in 2007, 8.5% in 2008, 10.5% in 2009, and 13.4% in 2010. These cases rarely present an opportunity for cooperation against others (and are never subject to "fast track" departures), so the vast majority of these government-sponsored reductions are for other reasons, that is, reasons under Section 3553(a).[6]

Notably, during the first quarter of 2011, the government-sponsored below guideline rate increased by almost four percentage points – to 17.3% -- and 85% of these were for reasons *other* than cooperation, that is, to comply with the purposes of sentencing to reflect the circumstances of the offense, and account for the history and characteristics of the defendant.[7] In 2011, out of the total of 1,645 cases only 540 were within guideline range sentences (i.e., 32.8%), and the non-government sponsored rate of below guideline sentences rose to 48.1%. See attached, as Exhibit 1, Table 5 of the U.S. Sentencing Commission's Sentences Relative to the Guideline Range by Each Primary Sentencing Guideline, for Fiscal Year 2011.

In 2012, up through the 2nd quarter, the total cases for this guideline were 807 and 266 were sentences within the guideline range (i.e., 32.9%) and the non-government sponsored rate of below guideline sentences was 46.8%. Attached, as Exhibit 2, is Table 5 of the U.S. Sentencing Commission's 2nd Quarter 2012 Preliminary Cumulative Data

---

[5] U.S. Sent'g Comm'n, 2010 Sourcebook of Federal Sentencing Statistics, tbl. 27A: U.S. Sent'g Comm'n, 2006-2009 Sourcebook of Federal Sentencing Statistics, tbl. 28.
[6] U.S. Sent'g Comm'n, 2010 Sourcebook of Federal Sentencing Statistics, tbls. 27, 27A; U.S. Sent'g Comm'n, 2006-2009 Sourcebook of Federal Sentencing Statistics, tbl. 28.

Report (October 1, 2011, through March 31, 2012). All of this data confirms that the child pornography guideline has lost significant persuasive impact with judges and with prosecutors as the participants in the federal criminal justice system who conscientiously labor to produce fair and reasonable sentences that are tailor made to the unique circumstances of the child pornography crime and the child pornography offenders. Judges approach these cases with great seriousness, as shown by the numerous written decisions carefully explaining the problems with the guideline.[8]

-4-

---

[7] U.S. Sent'g Comm'n, Preliminary Quarterly Data Report, 1st Quarter Release, 2011, tbl, 3.
[8] *See, e.g., United States v. Beiermann,* 599 F. Supp. 2d 1087 (N.D. Iowa Feb. 24, 2009); *United States v. Burns,* slip op. 2009 WL 3617448 (N.D. M. 2009); *United States v. Riley,* 655 F. Supp. 2d 1298(S.D. Fla. 2009); *United States v. Phinney,* 599 F. Supp. 2d 1037 (E.D. Wis. 2009); *United States v. Grolier,* 595 F. Supp. 2d 382 (D. N.J. 2008); *United States v. Stern,* 590 F. Supp. 2d 945 (N.D. Ohio 2008); *United States v. Johnson,* 538 F. Supp. 2d 997 (S.D. Iowa 2008); *United States v. Rausch,* 570 F. Supp. 2d 1295 (D. Colo. 2008); *United States v. Doktor,* slip op., 2008 WL 5334121 (M.D. Fla. Dec. 19, 2008); *United States v. Ontiveros,* 2008 WL 2937359 (E.D. Wis. July 24, 2008); *United States v. Hanson,* 561 F. Supp. 2d 1004 (E. D. Wis. June 20, 2008); *United States v. Shipley,* 560 F. Supp. 2d 739 (S.D. Iowa June 19, 2008); *United States v. Taylor,* 2008 WL 2332314 (S.D.N.Y. June 2, 2008); *United States v. McClelland,* 2008 WL 1808364 (D. Kan. April 21, 2008); *United States v. Baird,* slip op., 2008 WL 151258 (D. Neb. Jan. 11, 2008); *United States v. Stahel!,* 2009 Wl 775100 (E.D. Wis. March 19, 2009); *United States v. Gellatly,* 2009 WL 35166, *3-5 (D. Neb. Jan. 5, 2009); *United States v. Noxon,* 2008 WL 4758583, *2 (D. Kan. Oct. 28, 2008); *United States v. Stzdts,* 2008 WL 4277676, *4-7 (D. Neb. Sept. 12, 2008); *United States v. Grinbergs,* 2008 WL 4191145, *5-8 (D. Neb. Sept. 8, 2008); *United States v. Goldberg,* 2008 WL 4542957, *6 (N.D. Ill. April 30, 2008); *United States v. Sudyka,* 2008 WL 1766765, *5-6, 8-9 (D. Neb. April 14, 2008).

Respectfully submitted,

MANUEL GONZALEZ, JR., ESQ.
2000 PONCE DE LEON BLVD.
SUITE 614
CORAL GABLES, FLORIDA 33134
(305) 444-1400
(305) 938-5009 (FAX)
Mannylaw7@yahoo.com


BY:s/Manuel Gonzalez, Jr._____
    MANUEL GONZALEZ, JR., ESQ.
    FLORIDA BAR NO. 397997

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF this 12th day of November, 2012.


BY:s/Manuel Gonzalez, Jr._____
    MANUEL GONZALEZ, JR., ESQ.