```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                   CASE NO. 12-20071-CRIMINAL-SEITZ


UNITED STATES OF AMERICA,              Miami, Florida

            Plaintiff,                 May 10, 2012

      vs.                              1:58 p.m. to 2:12 p.m.

FRANCISCO CUBERO,

            Defendant.                 Pages 1 to 15
_____

                        CHANGE OF PLEA
             BEFORE THE HONORABLE BARRY L. GARBER,
                 UNITED STATES MAGISTRATE JUDGE



APPEARANCES:


FOR THE GOVERNMENT:       VANESSA S. JOHANNES, ESQ.
                          ASSISTANT UNITED STATES ATTORNEY
                          99 Northeast Fourth Street
                          Miami, Florida 33132


FOR THE DEFENDANT:        MANUEL GONZALEZ, JR., ESQ.
                          2000 Ponce de Leon Boulevard
                          Suite 614
                          Coral Gables, Florida 33134


REPORTED BY:              LISA EDWARDS, RDR, CRR
                          Official Court Reporter
                          400 North Miami Avenue
                          Twelfth Floor
                          Miami, Florida 33128
                          (305) 523-5499
```

```
 1              THE COURT:  Good afternoon.
 2              Be seated.
 3              THE COURTROOM DEPUTY:  Case No. 12-20071-
 4   Criminal-Seitz, United States versus Francisco Cubero.
 5              Counsel, please state your appearances, please, for
 6   the record.
 7              MS. JOHANNES:  Good afternoon, your Honor.
 8              Vanessa Johannes on behalf of the United States.
 9              With me at counsel table is Special Agent Timothy
10   Devine with ICE.
11              THE COURT:  Fine.  Thank you.
12              Yes, sir.
13              MR. GONZALEZ:  Good afternoon, your Honor.
14              Manuel Gonzalez, Jr., on behalf of Francisco Cubero,
15   who's present before the Court.
16              THE COURT:  Counsel, would you and your client
17   approach the podium, please.
18              Would you announce into the record the purpose of your
19   appearance here today.
20              MR. GONZALEZ:  Your Honor, we are here for a change of
21   plea.
22              THE COURT:  I understand there's no plea agreement.
23   Is that correct?
24              MR. GONZALEZ:  That is correct, your Honor.  It will
25   be a plea to the indictment.
```

```
 1              THE COURT:  Would you place the Defendant under oath,
 2   please.
 3              THE COURTROOM DEPUTY:  Sure.
 4              (Whereupon, the Defendant was duly sworn.)
 5              THE COURT:  I want you to understand you have the
 6   right to have these proceedings before a United States district
 7   judge.
 8              I'm a United States magistrate judge, but I understand
 9   that you and the Government have agreed to proceed before me.
10   Is that correct?
11              THE DEFENDANT:  Yes, it is.
12              THE COURT:  Is that correct, Government?
13              MS. JOHANNES:  Yes, your Honor.  That's correct.
14              THE COURT:  So you've been placed under oath.  That
15   oath requires you to answer all questions truthfully.  Should
16   you not do so, I want you to understand you could be prosecuted
17   for perjury or making a false statement, either of which are
18   very serious charges.
19              Do you understand that?
20              THE DEFENDANT:  Yes, I do.
21              THE COURT:  I'm going to be asking a series of
22   questions to you and, if you don't understand them, I want you
23   to feel free to discuss it with your attorney or ask me about
24   it and we'll attempt to explain it to you in a different
25   manner.  All right?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Tell me your full name.
 3              THE DEFENDANT:  Francisco Matias Cubero.
 4              THE COURT:  And how old are you?
 5              THE DEFENDANT:  I'm 30 years old.
 6              THE COURT:  How far have you gone in school?
 7              THE DEFENDANT:  I did one year of college.
 8              THE COURT:  Have you been treated recently for any
 9   mental illness or addiction to any type of narcotic drugs?
10              THE DEFENDANT:  I have not.
11              THE COURT:  As you stand before the Court today, are
12   you currently under the influence of any drug, medication or
13   alcoholic beverage?
14              THE DEFENDANT:  No.
15              THE COURT:  Now, have you received a copy of the
16   indictment setting forth the charges against you and have you
17   had an opportunity to fully discuss those with your attorney?
18              THE DEFENDANT:  Yes, I have.
19              THE COURT:  Are you fully satisfied with the services
20   that your attorney has rendered to you in this case?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Now, has anyone attempted in any way to
23   force you to plead guilty or otherwise threatened you?
24              THE DEFENDANT:  No.
25              THE COURT:  Has anyone made any promises or assurances
```

1  of any kind to get you to plead guilty?
2          THE DEFENDANT:  No.
3          THE COURT:  Are you pleading guilty of your own free
4  will simply because you are guilty of those charges set forth
5  in the indictment?
6          THE DEFENDANT:  Yes.
7          THE COURT:  Now, you understand that the offenses to
8  which you are pleading guilty are very serious felonies and,
9  upon adjudication of those felonies, you will be deprived of
10 certain valuable rights, such as the right to vote, the right
11 to hold public office, the right to serve on a jury and the
12 right to possess any kind of firearm.  Those are the things
13 that you would be losing as a result of being adjudged guilty
14 of these felonies.
15         Do you understand that?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Have you discussed those with your
18 attorney?
19         THE DEFENDANT:  I have.
20         THE COURT:  Now, are you a citizen of the United
21 States?
22         THE DEFENDANT:  Yes.
23         THE COURT:  Now, the following penalties are present
24 with regard to your pleas.
25         These pleas are as to all three counts of the

```
 1   indictment?
 2             MR. GONZALEZ:  Yes, your Honor.
 3             THE COURT:  All right.
 4             MS. JOHANNES:  Yes.
 5             THE COURT:  As to the possible sentence in Count 1,
 6   there's a statutory maximum term of imprisonment of up to
 7   20 years and a fine of up to $250,000 and a term of supervised
 8   release of up to three years.
 9             Counts 2 and 3 carry statutory maximum terms of --
10   Count 2 carries a statutory maximum term of 20 years'
11   imprisonment, supervised release of up to three years and a
12   fine of $250,000.
13             Count 3 carries a maximum term of imprisonment of
14   10 years, supervised release of three years and a fine of up to
15   $250,000.
16             There's also a requirement for forfeiture in the
17   indictment.
18             Yes, sir.  Do you want to say --
19             MR. GONZALEZ:  Judge, I think Count 2 carries a
20   maximum of 10.
21             THE COURT:  That's correct.  I realize that.  That has
22   been corrected.
23             MR. GONZALEZ:  And the supervised release -- I'm not
24   sure if I heard right, but I thought it was a maximum up to
25   five.
```

```
 1              MS. JOHANNES:  That's correct, your Honor.  It's up to
 2    five.
 3              THE COURT:  Let me just correct this.  This was handed
 4    to me.  It's an error.
 5              Count 2 is a maximum of ten years and a fine --
 6    supervised release of up to five years.  Is that correct?
 7              MR. GONZALEZ:  Yes, your Honor.
 8              MS. JOHANNES:  Correct, your Honor.  The supervised
 9    release term of five years is for all counts.
10              THE COURT:  All right.  Fine.
11              Those changes are noted and made part of the record.
12              Count 3 carries a maximum term of imprisonment of up
13    to ten years, supervised release of up to five years and a fine
14    of up to $250,000.
15              As I've stated, there is a forfeiture requirement.  By
16    pleading guilty, you are waiving your right to contest that
17    forfeiture.
18              Do you understand that?
19              THE DEFENDANT:  Yes, I do.
20              THE COURT:  Do you have any questions about the
21    possible sentences in this case?
22              THE DEFENDANT:  None.
23              THE COURT:  Government?
24              MS. JOHANNES:  Your Honor, I want the record to be
25    clear that Count 1 carries a mandatory minimum of five years'
```

```
 1   imprisonment.
 2            THE COURT:  Five years supervised release?
 3            MS. JOHANNES:  No.  Five years' imprisonment, a
 4   mandatory minimum.
 5            THE COURT:  This thing was given to me totally wrong.
 6            Count 1 carries five years?
 7            MS. JOHANNES:  That's correct.  Count for
 8   distribution.
 9            MR. GONZALEZ:  It's a minimum of five, up to 40.
10            THE COURT:  Is that a minimum mandatory of five?
11            MS. JOHANNES:  A mandatory minimum of five.
12            THE COURT:  Count 1 has minimum mandatory term of
13   imprisonment of five years with a possibility of going up to
14   40 years.  All the remaining sections that I've cited are
15   correct.
16            Do you have any questions about the potential
17   sentences in this case?
18            THE DEFENDANT:  No.
19            THE COURT:  Now, the Court, in determining the
20   sentence, will utilize several factors, such as the advisory
21   guideline ranges, the departures from those guidelines and
22   other statutory factors.
23            Have you and your attorney had an opportunity to
24   discuss how the advisory guideline range may be utilized in
25   your case?
```

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Did you discuss that fully with him,
 3    counsel?
 4              MR. GONZALEZ:  Yes, sir.
 5              THE COURT:  You understand that?
 6              THE DEFENDANT:  Yes, I do.
 7              THE COURT:  And the Court will not be able to
 8    determine what your advisory guideline range is until a
 9    presentence report has been prepared by Probation and until you
10    and/or the Government have the right to file such objections to
11    it as you think appropriate, and the Court would then have to
12    rule upon those objections.
13              And the sentence ultimately imposed may be different
14    from any estimate that your attorney may have given you.
15              Do you understand that?
16              THE DEFENDANT:  Yes, I do.
17              THE COURT:  And once your advisory guideline range has
18    been determined, the Court has the authority under certain
19    circumstances to depart upward or downward from that guideline
20    range and will consider other statutory sentencing factors that
21    may result in the imposition of a sentence that is either
22    greater or lesser than the advisory guideline range.
23              Do you understand that?
24              THE DEFENDANT:  Yes, I do.
25              THE COURT:  And do you also understand that there's no
```

1   such thing as parole in the federal system any longer?
2           THE DEFENDANT:  Yes, I do.
3           THE COURT:  Now, you understand that, under certain
4   circumstances, you or the Government may have the right to
5   appeal any sentence that may be imposed in this case.
6           Do you understand that, sir?
7           THE DEFENDANT:  Yes.
8           THE COURT:  Now, I mentioned supervised release.
9   That's a program somewhat similar to being on probation.  And
10  it requires you to meet regularly with a supervising officer
11  and comply with his lawful orders and to refrain from any
12  further violations of the law.
13          Should you violate the conditions of your supervised
14  release, under those circumstances then, you would be brought
15  back before the Court and could face additional penalties.
16          Do you understand that?
17          THE DEFENDANT:  Yes, I do.
18          THE COURT:  Do you understand all the possible
19  consequences of your plea of guilty that we've discussed?
20          THE DEFENDANT:  Yes.
21          THE COURT:  Do you have any questions about any of
22  them?
23          THE DEFENDANT:  No.
24          THE COURT:  Again, I'm going to ask a series of
25  questions of you.  If you don't understand them, I want you to

```
 1   feel free to ask your lawyer or ask me about them.
 2              Do you understand that you have the right to plead not
 3   guilty and to persist in that plea of not guilty, if you wish,
 4   and if you did so, then you'd have the right to a trial by
 5   jury?
 6              Upon entering into that trial, you would be presumed
 7   to be innocent of any criminal charges and that presumption of
 8   innocence would remain with you until such time as it's
 9   overcome by the Government's proof of your guilt beyond and to
10   the exclusion of a reasonable doubt.
11              Should you elect to go to trial, then you'd have the
12   right to the assistance of an attorney, one appointed by the
13   Court should you not be able to afford one.  The attorney would
14   be with you at the trial and all other proceedings in this
15   case.
16              And at the trial, you'd have the right and opportunity
17   to hear and see all witnesses that testify against you and have
18   your attorney cross-examine those witnesses.
19              And you'd have the right on your own part to decline
20   to testify unless you voluntarily elected to do so.
21              And if you went to trial, you'd have the right to
22   compel the attendance of any witness that you wished to testify
23   on your behalf.
24              If you went to trial and should you decide at trial
25   not to testify or offer a defense, those facts can in no way be
```

```
 1   used against you.
 2           Now, do you further understand that, by entering your
 3   pleas of guilty of these three counts, upon acceptance of those
 4   pleas, there would be no trial and you will have waived or
 5   given up your right to a trial as well as those other rights
 6   that we've previously discussed?
 7           Do you understand that?
 8           THE DEFENDANT:  Yes, I do.
 9           THE COURT:  Any questions about it?
10           THE DEFENDANT:  No.
11           THE COURT:  Now, the nature of the charges to which
12   you are pleading guilty are as follows:
13           Briefly, Count 1 charges the Defendant on the date
14   alleged in the indictment and in the Southern District of
15   Florida did knowingly distribute visual depictions by use of
16   interstate and foreign commerce, including by computer, and
17   production of such visual depictions involving the use of a
18   minor engaged in sexually explicit conduct, as defined in
19   Title 18, United States Code, Section 22562, and such visual
20   depiction was of such conduct, in violation of Title 18, United
21   States Code, Section 2252(a)(2) and (b)(1)?
22           Counts 2 and 3 charge you with possession of child
23   pornography on a laptop in Count 2 and on a compact disc in
24   Count 3, both counts in violation of Title 18, United States
25   Code, Sections 2252(a)(4)(B) and (b)(2).
```

```
 1             Those are the charges to which you are pleading
 2  guilty.  Do you understand that?
 3             THE DEFENDANT:  Yes.
 4             THE COURT:  All right, sir.  Do you have any questions
 5  about the charges whatsoever?
 6             THE DEFENDANT:  No.  None.
 7             THE COURT:  Now, upon your plea of guilty, the Court
 8  will order and does order a presentence report to be prepared
 9  for its use in determining the appropriate sentence in this
10  case.
11             Now, I'll ask you, sir, how do you plead now to the
12  charges set forth in Counts 1, 2 and 3 of the indictment?
13  Guilty or not guilty?
14             THE DEFENDANT:  Guilty.
15             THE COURT:  It is the finding of the Court in the case
16  of the United States of America versus Francisco Cubero that
17  the Defendant is fully competent and capable of entering an
18  informed plea, that the Defendant is aware of the nature of the
19  charges and the consequences of his pleas of guilty and that
20  the pleas of guilty are knowing and voluntary pleas support by
21  an independent basis in fact containing all of the material
22  elements of the offenses.
23             The plea is therefore accepted and the Defendant is
24  now adjudged guilty of those offenses set forth in Counts 1, 2
25  and 3 of the indictment.
```

```
 1              As I indicated, a presentence report will be prepared
 2   for the Court's use along with other factors to determine the
 3   sentence.
 4              In order to prepare that presentence report, it is
 5   necessary for you and your attorney to meet with the Probation
 6   Office and furnish them with such information as they may need
 7   to prepare this report.
 8              At the time of sentencing, counsel and the Defendant
 9   may address the Court with regard to what you feel would be an
10   appropriate sentence and to raise other such issues as you wish
11   the Court to consider.
12              Is the Government's recommendation that Mr. Cubero
13   remain at liberty on bond previously posted?
14              MS. JOHANNES:  That's fine, your Honor.  The same
15   conditions may apply.
16              THE COURT:  The Court will adopt that recommendation
17   as an order.
18              The Defendant is released on the bond and all
19   conditions previously imposed.
20              The date for sentencing has been set by Judge Seitz.
21              What is that date?
22              THE COURTROOM DEPUTY:  August 2nd at 8:30 in the
23   morning.
24              THE COURT:  In her courtroom in the Ferguson Building.
25              Anything further?
```

1    MS. JOHANNES: Your Honor, I just want the record to
2 note that the Defendant did enter into a factual proffer and he
3 signed that proffer.
4    THE COURT: All right.
5    MR. GONZALEZ: That is correct.
6    THE COURT: The factual proffer has been executed by
7 all the parties?
8    MR. GONZALEZ: Yes, your Honor.
9    THE COURT: And you understand by that factual proffer
10 you are agreeing that the facts set forth in there could be
11 proven by the Government if the case went to trial, proven
12 beyond a reasonable doubt. Is that correct?
13    THE DEFENDANT: Yes.
14    THE COURT: Thank you.
15    MR. GONZALEZ: Thank you, your Honor.
16    MS. JOHANNES: Thank you.
17    (Proceedings concluded.)
18          C E R T I F I C A T E
19
20    I hereby certify that the foregoing is an accurate
21 transcription of the proceedings in the above-entitled matter.
22
23 _____        /s/Lisa Edwards
      DATE            LISA EDWARDS, RDR, CRR
24                    Official United States Court Reporter
                      400 North Miami Avenue, Twelfth Floor
25                    Miami, Florida 33128
                      (305) 523-5499