UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-24492-CIV-MORENO
12-20071-CR-SEITZ

FRANCISCO CUBERO,

       Movant,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER DENYING MOTION TO VACATE JUDGMENT

Francisco Cubero is moving to vacate his criminal conviction for child pornography claiming that Magistrate Judge Barry Garber, to whom Judge Patricia Seitz had referred the case for a guilty plea, misinformed him at his plea colloquy that the maximum supervised release term was five years, not life. The undersigned was asked by Judge Seitz to handle this and numerous other cases while she underwent treatment for cancer. No objection was made by Defendant or his counsel. The undersigned sentenced Cubero to the bottom of the guidelines, totaling 151 months, in prison, to be followed by supervised release for the remainder of Cubero's life. Cubero filed a direct appeal and the Eleventh Circuit affirmed his sentence in all respects. *Cubero v. United States*, 754 F.3d 888, 896 (11th Cir. 2014).

In this 28 U.S.C. § 2255 case, Cubero argues that both his trial and appellate counsel were ineffective for not challenging the knowing and voluntary nature of his guilty plea, because he was misinformed at his plea colloquy as to the maximum term of supervised release. Cubero's argument is unavailing. The Presentence Investigation Report, at pages 14 and 15,

corrected the error to reflect the maximum life term and the special conditions of supervised release. Cubero acknowledged that he had read the Presentence Investigation Report before sentence was imposed. Cubero did not object to the Presentence Investigation Report at sentencing, nor did he move to withdraw his guilty plea. He also failed to raise the issue on direct appeal. Given the high hurdle Cubero faces in a § 2255 collateral proceeding, the Court does not find the erroneous advice provided by the Magistrate Judge at the plea colloquy implicated Cubero's rights. This is especially true in this case where the Court sentenced him to a low-end of the guidelines prison term for child pornography, which he is still serving, but gave him a higher term of supervised release, which has not yet commenced.

THIS CAUSE came before the Court upon the Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate Judgment **(D.E. 1)**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

I. Factual Background

*A. The Criminal Offense*

The Government filed a child pornography case against the Movant Francisco Cubero on January 19, 2012. On December 16, 2011, law enforcement officers identified an online user, who had made images of child pornography available for distribution at an IP address registered to Cubero. The user was on Frostwire, a peer-to-peer online file sharing network. Using that same network, law enforcement officers connected to Cubero's computer and downloaded 18 files. Seventeen of those files from Cubero's IP address were child pornography. After an authorized search, agents discovered that Cubero's laptop computer contained peer-to-peer

2

software containing a folder with child pornography. Agents also found a CD-Rom containing child pornography images, which Cubero admitted belonged to him. The pornography on Cubero's computer contained files of a depraved nature involving infants, toddlers, and children (including preteens). Cubero admitted the pornography belonged to him.

### B. The Plea Proceedings

Cubero pled guilty to all charges on May 10, 2012. The Government and Cubero elected to proceed to a plea on all charges before a Magistrate Judge without a plea agreement. At the plea colloquy, Cubero indicated he had reviewed the indictment and discussed it with counsel. He was fully satisfied with his counsel at the time. Cubero indicated he was entering the plea freely of his own volition.

The Magistrate Judge explained the attendant penalties to Cubero. Specifically, the Magistrate Judge told Cubero that Count 1 had a statutory maximum prison sentence of 20 years, a fine of up to $250,000, and a 3-year maximum term of supervised release. Count 2 had a corresponding statutory maximum prison sentence of 20 years, a fine of up to $250,000, and a 3-year maximum term of supervised release. The Magistrate Judge also told Cubero that Count 3 carried a maximum prison sentence of 10 years, a fine of up to $250,000 and a 3-year maximum term of supervised release.

The Magistrate Judge's explanation of the potential sentence contained a couple of errors that counsel and the judge corrected on the record at the plea colloquy. First, Cubero's counsel informed the Magistrate Judge that Count 2 carried a 10-year maximum sentence, not 20 as the Magistrate Judge had stated. Counsel for both sides also corrected the maximum term of

3

supervised release to state it was 5 years on all counts.[1] At the plea colloquy, the Government also corrected that Count 1 carried a mandatory minimum prison sentence of 5 years, and defense counsel added that it was a 40-year maximum[2] sentence. The Magistrate Judge corrected the record and stated the terms as advised by counsel at the plea colloquy. The Magistrate Judge proceeded to ask Cubero if he had any questions regarding the potential sentence and he did not.

The Magistrate Judge also advised Cubero that he would receive a Presentence Investigation Report, to which he could file objections. Cubero stated he understood that the imposed sentences could be different from the estimates that his counsel provided. Cubero also acknowledged that the Court could depart upward or downward from the guidelines range and that the statutory sentencing factors would be considered in that regard. The Magistrate Judge advised Cubero that there is no parole in the federal system and that he would have the right to appeal the sentence in certain circumstances. Cubero stated he understood what supervised release meant after receiving an explanation from the Magistrate Judge. He acknowledged that should he violate the conditions of supervised release, "[he] would be brought back before the Court and could face additional penalties."[3] Plea Tr. at 10.

At the end of the plea colloquy, Cubero stated he understood the consequences of his plea and indicated he had no questions. Then, Cubero formally entered a guilty plea on the record, and the Magistrate Judge found Cubero was "fully competent and capable of entering into an informed plea," that he was aware of the "consequences of his pleas of guilty, that the pleas of

---

[1] The maximum term of supervised release was actually life. *See* 18 U.S.C. § 3583(k); United States Sentencing Guidelines § 5D1.2(b)(2).
[2] Indeed, the mandatory minimum prison sentence was indeed 5 years, the maximum prison term was 20 years. *See* 18 U.S.C. § 2252(b)(1).
[3] Despite this acknowledgment, Movant argues that he was only told in Open Court that supervised release was akin to treatment. The transcript shows Movant acknowledged that if he violated the conditions of supervised release, he would return to Court and possibly face additional penalties.

4

guilty are knowing and voluntary." The Magistrate Judge then accepted the plea and adjudicated Cubero guilty of Counts 1, 2, and 3 of the indictment. Cubero signed the Government's Factual Proffer.

The Magistrate Judge issued a Report and Recommendation on the Change of Plea, summarizing what had transpired in Open Court. As to Count 1, the Magistrate Judge indicated the maximum term of supervised release was 5 years. On Counts 2 and 3, the Magistrate Judge noted the maximum term of supervised release was 3 years. Cubero did not object to the Report and Recommendation and District Judge Patricia A. Seitz adopted it, adjudicating Cubero guilty of all counts in the indictment.

C. *Presentence Investigation Report*

The Presentence Investigation Report determined the base offense level was 22, pursuant to the United States Sentencing Guidelines § 2G2.2(a)(2) for an offense involving the distribution of child pornography. The base offense level was increased because the material involved a prepubescent minor or a minor, who had not attained the age of 12 years, the offense involved distribution of child pornography, the images he possessed and distributed portrayed sadistic or masochistic conduct, or other depictions of violence, he used a computer in the commission of the crime, and the offense involved 600 or more images. The Presentence Investigation Report also contained a reduction for acceptance of responsibility. Cubero's total offense level was 34, with a criminal history category I, which resulted in a sentencing guideline range of 151 to 188 months of imprisonment. The Presentence Investigation Report explicitly stated that the statutory term of supervised release was "any term of years not less than five." Separately, the Presentence Investigation Report said that under the guidelines the applicable term of supervised release was "at least five years, but may be up to life."

At the time of his sentencing, Cubero raised a few objections, none relating to the inconsistency between what was said at the plea colloquy and the contents of the Presentence Investigation Report vis-à-vis the term of supervised release. Cubero objected to a sentencing enhancement under § 2G2.2(b)(3) claiming peer-to-peer sharing did not constitute distribution. He also claimed that he was entitled to a two-level decrease because he received the material for personal use and he did not intend to traffic or distribute child pornography.

In response, the United States filed case law to support the sentencing enhancements and urging the district court not to vary downward given the heinous nature of the images.[4] In addition to the images and videos on Cubero's computer, the United States seized a small amount of cocaine while executing the search warrant. Cubero admitted that he had a cocaine addiction and his use was related to his need for child pornography. In addition to the images on Cubero's computer, the Government also discovered pictures in Cubero's possession of a disturbing nature involving Cubero and women. Disputing Cubero's request for a downward variance, the United States also cited the need for deterrence as a reason for sentencing within the guideline range.

The Court sentenced Cubero at the bottom of the guidelines to 151 months followed by a life term of supervised release. On direct appeal, the Eleventh Circuit Court of Appeals upheld the sentence. *Cubero*, 754 F.3d at 896.

## II. Legal Analysis

*A. Procedural Default*

---

[4] Some images found in Cubero's possession include images depicting: (1) a preteen female performing oral sex on an adult male; (2) a preteen male engaging in anal sex with an adult male; (3) a naked adult male sitting with a naked toddler, who is touching the male's erect penis; (4) a naked preteen female straddling a naked adult male, who appears to have ejaculated on his leg; (5) a naked preteen female with her arms and legs spread open, tied to a bed, with a gag-ball in her mouth and the words "lick me please" written on her stomach with an arrow pointing to her vagina; and (6) a prepubescent girl being raped by a dog.

6

Generally, a movant must file a direct appeal, or else be barred from presenting such claims in a 28 U.S.C. § 2255 proceeding. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show <u>cause</u> for not raising the claim of error on direct appeal *and* actual <u>prejudice</u> from the alleged error. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). As the Supreme Court explained in *United States v. Frady*, 456 U.S. 152, 166 (1982), the cause and prejudice standard imposes "a significantly higher hurdle" than would exist on direct appeal and thus, the plain-error standard of Fed. R. Crim. P. 52 does not apply on collateral review of a criminal conviction.

In *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986), the Supreme Court held that ineffective assistance of counsel can provide "cause" for the failure to raise an underlying claim. Cubero alleges that his attorneys provided ineffective assistance of counsel in the district court and on appeal when they failed to challenge the knowing and voluntary nature of his plea. The basis for the argument is that at the plea colloquy there was misinformation regarding the maximum term of supervised release that could be imposed upon conviction. Put another way, Cubero argues his counsel was ineffective for allowing him to believe that he faced a maximum supervised release period of 5 years. Cubero makes this argument even though the Presentence Investigation Report contained the correct life term of supervised release.

### 1. Legal Standard for Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the legal standard to determine whether there was ineffective assistance of counsel. A movant must first show that "counsel

7

made errors so serious that counsel was not functioning as the 'counsel' guaranteed. . . by the Sixth Amendment." *Id.*, 466 U.S. at 687. If this showing can be made, the movant must then demonstrate that the "deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Unless a movant can make both showings – performance and prejudice – he cannot prevail. The Eleventh Circuit has cautioned this standard is difficult to meet. *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002); *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (stating that cases where a criminal defendant can prove ineffectiveness are "few and far between."). Under the familiar two-prong test, Cubero must show that the performance of his attorney at trial and on appeal was deficient, meaning that it "fell below an objective standard of reasonableness," <u>and</u> that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687-88.

### a. Strickland's First Prong

When a court evaluates the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . .the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. The presumption is stronger in cases where counsel is experienced. *Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc). To prove incompetence, "[a] petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they 'were outside the wide range of professionally competent assistance.'" *Brownlee*, 306 F.3d at 1059 (quoting *Strickland*, 466 U.S. at 690).

Cubero argues that his counsel[5], both experienced criminal attorneys, were ineffective for not challenging the knowing and voluntary nature of his guilty pleas. Given the high deference afforded and the record in this case, the Court does not find counsel's actions "fell below an objective standard of reasonableness." The record at the sentencing shows that Cubero read and understood the Presentence Investigation Report, which corrected the term of supervised release. In his motion, Cubero relies on the colloquy between the parties at sentencing where the District Court noted it reviewed the "Presentence Investigation Report, the letters, the objections, the sentencing memoranda, the first supplement, the second supplement, . . . the government's response" and then asked whether Cubero had "read it as well." (emphasis added). Cubero responded in the affirmative and now argues "it" could have stood for any one of the documents and not necessarily the Presentence Investigation Report. Cubero does not actually come out and say that he did not review the Presentence Investigation Report, which clarified the life term of supervised release. A better reading of the dialogue at sentencing is that Cubero affirmatively stated he read each and all of those documents. Certainly, given this dialogue it was reasonable for Cubero's counsel not to object given Cubero's admission and the clarification provided in the Presentence Investigation Report that he faced a life term of supervised release.

The Defendant's counsel also did not object presumably because Cubero faced a lower prison term, albeit a higher term of supervised release. Cubero pled guilty to the indictment without the benefit of a plea agreement. His main advantage, in doing so, was a 3-point reduction for acceptance of responsibility. Thus, instead of a total offense level 34, with a criminal history category of 1 and an advisory guideline range of 151 to 188 months of

---

[5] Cubero's counsel was Mr. Manuel Gonzalez, who was admitted to the Florida Bar in 1984 and to this Court's Bar in January 1985. He is a member in good standing of both bars. He is also a member of the Criminal Law Section of the Florida Bar. In addition, Cubero was represented on appeal by Brenda Bryn, who is an Assistant Federal Public Defender in the Southern District of Florida. She has been a member of the Bar of the Eleventh Circuit Court of Appeals since 1989 and the Bar of the United States Supreme Court since 1992.

imprisonment, he would have been a level 37, which would have exposed him to an advisory guideline range of 210 to 262 months imprisonment. Cubero has not shown that he would have exposed himself to such a greater sentence to avoid the life term of supervised release with a lesser prison sentence. Given the posture of this case, it certainly cannot be said that counsel's failure to object was outside the wide range of professionally competent assistance. More likely, Defendant's counsel acted reasonably competent in failing to object at the sentencing and on appeal to the life term of supervised release.

2. *Strickland*'s Second Prong

Cubero argues he need not satisfy *Strickland*'s prejudice prong because *Strickland* only applies in cases where the Court and the prosecution are uninvolved in the error and have no responsibility for it. The Supreme Court, however, has recognized three exceptions to the requirement that a petitioner show prejudice: "[a]ctual or constructive denial of counsel altogether," "various kinds of state interference with counsel's assistance," and where counsel is burdened by conflicting interests due to representing multiple clients. *Strickland*, 466 U.S. at 692, 93. Cubero's case does not fall within these limited exceptions to the prejudice requirement.

Unable to escape the prejudice requirement, Cubero relies on *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009) to support his claim that he never would have pled guilty had he known the correct term of supervised release. Cubero's reliance on *Brown* is misplaced. Like the defendant in *Brown*, Cubero was misinformed about the correct term of supervised release, which was corrected in the Presentence Investigation Report. Brown, like Cubero, did not raise any objection to the Presentence Investigation Report or move to withdraw his guilty plea even after the district court imposed a life term of supervised release, which was in excess of the time

stated in the plea colloquy. *Id.* at 1345-46. On direct appeal, Brown argued for the first time that his plea was unknowing and involuntary because he was misinformed as to the maximum term of supervised release for the offense to which he pled guilty. The Eleventh Circuit held that Brown had not demonstrated prejudice as required to establish plain error, because the Presentence Investigation Report corrected the error from the plea colloquy. *Id.* Unlike Brown, Cubero faces an even "higher hurdle" because he did not raise the issue on direct appeal, and is raising it in a collateral proceeding. *Frady*, 456 U.S. at 166.

*United States v. Nelson*, 370 F. App'x 15 (11th Cir. 2010) also informs the Court's decision. The defendant Nelson was mistakenly told the maximum applicable supervised release term was 5 years. Like in this case, the Presentence Investigation Report corrected the term to reflect the correct maximum term of life. Nelson, like Cubero, never objected to the Presentence Investigation Report. Also like Cubero, Nelson pled guilty without a written plea agreement. Unlike this case, Nelson argued that his rights were impacted because he requested a bottom of the guidelines sentence and was sentenced mid-range. *Id.*, 370 F. App'x at 17. In this case, the Court followed the United States' recommendation and gave Cubero a low-end prison term. Applying *Brown* to the *Nelson* case, the Eleventh Circuit concluded that while the district court had plainly erred in advising Nelson that his maximum supervised release term was 5 years, the error did not impact Nelson's rights. *Id.*, 370 F. App'x at 18. The Eleventh Circuit explained the holding is particularly appropriate where the Presentence Investigation Report contained the correct supervised release term, the record showed the defendant received a copy of it, the defendant reviewed the document, and did not object to the Presentence Investigation Report. *Id.*

To reiterate, Cubero faces the significant hurdle of requesting collateral relief, which is a

higher standard than the Eleventh Circuit applied in *Brown* and *Nelson* to find there was no prejudice to the defendants due to misinformation at the plea colloquy. On a § 2255, the Court must view the evidence in the light most favorable to the United States. *Messinger v. United States*, 872 F.2d 217, 219 (7th Cir. 1989). The record reflects that Cubero received the Presentence Investigation Report. The sentencing transcript shows the Court asked Mr. Cubero if he had read the documents the Court reviewed, which the Court listed as the Presentence Investigation Report, the letters, objections, the sentencing memoranda, the first supplement, the second supplement, . and the government's response. Given the standard of deference in a § 2255 and the record in this case, the Court finds that like *Nelson* and *Brown*, the Movant cannot clear the high hurdle of showing that the error at the plea colloquy impacted his rights.[6] This Court unequivocally finds a reading of the entire sentencing colloquy shows Cubero received and read the Presentence Investigation Report. Even if the Court found that Cubero had not received it, he still would be unable to meet the prejudice prong because his sentence was at the low-end of the guidelines. *United States v. Bru*, 482 F. App'x. 509, 515 (11th Cir. 2012) (concluding that even if the district court had committed plain error by not assuring that Bru had reviewed the Presentence Investigation Report with counsel, Bru failed to make showing that it had impacted his rights where the sentence was in the low end of the applicable guidelines range).

DONE AND ORDERED in Chambers at Miami, Florida, this 17 of July 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[6] Even if the Court were to find that Cubero's rights were impacted by the misinformation at the plea colloquy, the proper remedy is to re-sentence him or simply reduce the period of supervised release to 5 years and not vacate a clearly voluntary and knowing guilty plea.

Copies furnished to:
Counsel of Record

```
C O N F I D E N T I A L
   PROPERTY OF U.S. COURTS.

This document is not to be disclosed to any
party not officially involved in the pre and
post sentencing aspects of this case without
     approval of the Court, Rule 32(e)
```

SD/FL PACTS #110793

Pursuant to the U.S. Supreme Court decision in **U.S. v Booker**, 125 S.Ct. 738(2005), the sentencing guidelines presented herein are advisory and not binding on the Court.

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| v. | ) | Docket No. 113C 1:12CR20071 |
| | ) | Defendant No. 1 |
| FRANCISCO CUBERO | ) | Guidelines Manual: 2011 |
| | ) | |
| | ) | |

**Prepared for:**         The Honorable Patricia A. Seitz
                          U.S. District Judge

**Prepared by:**          Wendy E. Squitero
                          U.S. Probation Officer
                          400 North Miami Avenue, Ninth Floor South
                          Miami, FL 33128
                          305.523.5472

**Assistant U.S. Attorney**
Vanessa S. Johannes
99 NE 4th Street
Miami, FL 33132
305.961.9023
305.536.7599 Fax

**Defense Counsel**
Manuel Gonzalez
2000 Ponce de Leon Boulevard
Suite 614
Coral Gables, FL 33134
305.444.1400
305.938.5009 Fax

**Sentence Date:**        August 2, 2012, Miami, FL

1

Rev. 7/27/12

60. **Guideline Provisions:** Supervised release shall be ordered when required by statute, § 5D1.1(a)(1); except as provided in subsection (c), when the Court imposes a term of imprisonment of more than one year, § 5D1.1(a)(2); or to follow imprisonment in any other case, § 5D1.1(b). The guideline range for a term of supervised release is at least five years but may be up to life, § 5D1.2(b)(2).

### Probation

61. **Statutory Provisions:** A sentence of probation may not be imposed because the defendant is being sentenced at the same time to a term of imprisonment for the same or a different offense, 18 U.S.C. § 3561(a)(3).

62. **Guideline Provisions:** A sentence of probation may not be imposed because the defendant is being sentenced at the same time to a term of imprisonment for the same or a different offense, § 5B1.1(b)(2).

### Fines

63. **Statutory Provisions:** As to each of Counts One, Two and Three, the maximum fine is $250,000, 18 U.S.C. § 3571(b)(3). A special assessment of $100 is mandatory as to each count of conviction, 18 U.S.C. § 3013.

64. **Guideline Provisions:** The instant offense is from $17,500 to $175,000, § 5E1.2(c)(3).

### Restitution

65. **Statutory Provisions:** The Court shall order the defendant to make restitution to the victims of the offense, 18 U.S.C. § 3663A(a)(1). However, since the victims' losses are not yet ascertainable, the Court shall set a date for the final determination of the victims' losses, not to exceed 90 days after sentencing, pursuant to 18 U.S.C. § 3664(d)(5).

66. **Guideline Provisions:** Restitution shall be ordered, § 5E1.1.

## PART E. FACTORS THAT MAY WARRANT A DEPARTURE

67. None

## PART F. IMPACT OF THE PLEA AGREEMENT

68. There is no plea agreement in this case.

## PART G. RECOMMENDED SPECIAL CONDITIONS OF SUPERVISION

69. **Computer Modem Restriction:** The defendant shall not possess or use a computer that contains an internal, external or wireless modem without the prior approval of the Court.

70. **Computer Possession Restriction:** The defendant shall not possess or use any computer; except that the defendant may, with the prior approval of the Court, use a computer in connection with authorized employment.

71. **Mental Health Treatment:** The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

72. **Substance Abuse Treatment:** The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

73. **Permissible Search:** The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

74. **No Contact with Minors:** The defendant shall have no personal, mail, telephone, or computer contact with children/minors.

75. **No Contact with Minors in Employment:** The defendant shall not be employed in a job requiring contact with children.

76. **No Involvement in Youth Organizations:** The defendant shall not be involved in any children's or youth organization.

77. **Sex Offender Treatment:** The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination. Participation may include inpatient/outpatient treatment, if deemed necessary by the treatment provider. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

78. **Restricted from Possession of Sexual Materials:** The defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or

companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

79. **Adam Walsh Act Search Condition:** The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced searches of the defendant's person, property, house, residence, vehicles, papers, computer(s), other electronic communication or data storage devices or media, include retrieval and copying of all data from the computer(s) and any internal or external peripherals and effects at any time, with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The search may include the retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with other supervision conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

Respectfully submitted,

by: CE01CFE0-7A5D-4F90-9044-58AA13FC2FF0

Wendy E. Squitero
U.S. Probation Officer

Reviewed and approved:

B4262C09-8048-4DC2-BABA-123FE984B14F

Theresa D. Bradman, Supervising
U.S. Probation Officer