UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CR-20071-SEITZ

UNITED STATES OF AMERICA

v.

FRANCISCO CUBERO,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE DUE TO THE COVID-19 PANDEMIC

This matter is before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 100]. The Motion claims that the COVID-19 pandemic's prevalence at his institution, combined with his hypertension, constitutes "extraordinary and compelling reasons" warranting Defendant's release to home confinement.  The Government opposes the Motion [DE 101], and Defendant has replied [DE 102].  The Court has considered the parties' filings, the record and the applicable law.  Because the above-stated basis does not satisfy the standard for compassionate release, Defendant's Motion is denied.

    **I.**    **Background**

After pleading guilty, Defendant Cubero was sentenced on November 21, 2012, to a total of 151 months' imprisonment, on one count of distribution of child pornography under 18 U.S.C. § 2252(a)(2), and two counts of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), to be followed by a lifetime term of supervised release [DE 74].  The Eleventh Circuit Court of Appeals affirmed his

1

conviction on direct appeal [DE 93], and Defendant's Motion to Vacate under 28 U.S.C. § 2255 was denied [DE 97]. To date, Cubero has served about 98 months of his prison term. He is currently housed at FCI Coleman Low, and his expected release date is August 5, 2022. He is 39 years old.

## II. Legal Standard

### A. Compassionate Release

Once a court imposes a sentence of imprisonment, it is considered a final judgment that generally may not be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). A court, however, may modify a sentence where it is "expressly permitted by statute." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015); 18 U.S.C. § 3582(c)(1)(B). The framework to do so is set forth in 18 U.S.C. § 3582(c). *See United States v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015). The court can modify a sentence if "extraordinary and compelling reasons warrant such a reduction…" 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3582 does not define "extraordinary and compelling reasons," but it states that any sentence reductions shall be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The policy statement is contained in Federal Sentencing Guideline § 1B1.13. Its Application Notes offer four circumstances (Subdivisions (A) through (D)) that demonstrate "extraordinary and compelling reasons":

(A) Medical Condition of the Defendant.

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is

        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. The defendant

    (i)    is at least 65 years old;
    (ii)    is experiencing a serious deterioration in physical or mental health because of the aging process; and
    (iii)    has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) …

(D) Other Reasons. As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. Application Notes (U.S. Sentencing Comm'n 2020).

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"), amended 18 U.S.C. § 3582(c). Notably, now defendants may move for a sentence modification – not only the BOP Director. First Step Act § 603, 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission, however, has not yet modified § 1B1.13 to reflect a defendant's direct access to court. Most courts that have considered this issue recently have determined that the current version of § 1B1.13 is not binding

3

on courts. *See United States v. Booker*, 976 F.3d 228, 237 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The undersigned agrees that § 1B1.13 provides a helpful guide but is not determinative for a court, since the FSA's amendment gave defendants court access in the face of BOP disapproval or inaction.

### B. The COVID-19 Pandemic

COVID-19 has put pressure on those living or working in close quarters, such as prisons. It has heightened inmates' concerns and has forced public servants whose work affects these populations to be ever more vigilant in their duties. The U.S. Attorney General has set forth guidance for the BOP to release prisoners who meet certain criteria. Mem. from U.S. Att'y Gen. to Dir. of Bureau of Prisons (Mar. 26, 2020), "Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic." Nonetheless, the statutory framework for the court has not changed.

## III. Discussion

### A. The Parties' Positions

As a preliminary matter, Defendant Cubero contends that his Motion is appropriately before the Court because the warden denied his request for sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The Government agrees [DE 101 at 2, 6].

Defendant seeks a reduced prison term to time served, with a period of home confinement to follow, based on his "Stage 2" hypertension and the number of COVID-19 cases at his institution, FCI Coleman Low. Defendant criticizes the

4

BOP's management of the pandemic, citing the spread of the virus at his institution. Cubero acknowledges that he's never been diagnosed with hypertension, but he provides data from his medical records to argue that his blood pressure has been found to be in the "Stage 2" hypertension range on several occasions in the last several years.

As additional support for a sentence reduction, Defendant points out that he has served a majority of his sentence, has no prior criminal history, no disciplinary incidents while in custody, and has demonstrated rehabilitation through his education and work activities.

The Government opposes the Motion. It concludes that Defendant's health does not support "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13 Application Notes Subdivisions (A) through (C), and Subdivision (D) is not available to defendants. The Government acknowledges an "uptick" in coronavirus cases nationally but argues that Defendant cannot rely on the circumstances at his facility as a basis for release. Instead, the Government maintains Defendant must set forth health issues specific to him that warrant sentence reduction. Finally, the Government states that the prevalence of COVID-19 at FCI Coleman Low is better than many states' rates, and contends that inmates are tested "frequently," with protocols in place to manage the pandemic.

### B. Basis for Court's Determination

The parties agree that Cubero has satisfied the administrative remedies exhaustion requirement under 18 U.S.C. § 3582. Thus, the Court turns to the

5

merits of his Motion. The parties also appear to agree, as does the Court, that Defendant's health concerns do not squarely fit any of § 1B1.13's Subdivisions (A), (B), or (C). Further, the Government seems to rule out application of Subdivision (D) to Defendant's Motion. As noted above, however, the Court disagrees with this interpretation of § 1B1.13. Thus, the Court analyzes whether Defendant's circumstances justify a sentence reduction pursuant to Subdivision (D)'s "Other Reasons" provision.

Other than pointing out that Defendant has not been diagnosed with hypertension, the Government does not address Defendant's claims that his recent medical data support the conclusion that he has it. Even if the Court assumes Defendant's self-diagnosis is accurate, however, it would not be enough to justify reducing Cubero's sentence. The Centers for Disease Control and Prevention ("CDC"), indeed, cite hypertension as a risk factor. The most updated guidance from the CDC, however, makes a distinction between medical conditions for which adults "*are* at increased risk" in light of COVID-19, and those who "*might* be at an increased risk." Ctrs. for Disease Control and Prevention, *Your Health: People With Certain Medical Conditions* (last visited February 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions (emphasis added). Hypertension is on the latter list. *Id.* This observation is not meant to diminish its seriousness, but the Court cannot rightly conclude that Defendant is at certain increased risk on this factor alone, when the CDC's review of medical data to date disagree with that conclusion.

Defendant also wishes for the Court to factor in the rate of growth of positive cases at his institution. Certainly, healthy skepticism of the details underlying reported institutional cases, and the BOP's management of the pandemic, are warranted for some of the myriad reasons Defendant cites (and the Government does not address).[1] Such skepticism, however, does not necessarily aid Defendant. The Court agrees with the Government that Defendant's general fear of contracting the virus is not a basis for release. As another court noted, "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction of sentence set forth in…§ 1B1.13." *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *3-4 (N.D. Cal. Mar. 25, 2020).

The Defendant's cited cases, where hypertension was considered in conjunction with the COVID-19 pandemic at certain institutions, do not persuade the Court otherwise. In *United States v. Lewis*, No. 10-CR-60292-Middlebrooks, slip op. at *1, *4 (S.D. Fla. July 20, 2020), defendant was less than three months away from completing a 144-month sentence. In *United States v. Telson*, No. 16-CR-80178-Middlebrooks, slip op. at *2, *8-9 (S.D. Fla. Sept. 21, 2020), the court cited the defendant's "longstanding history of hypertension…with his diagnosis persisting for over eleven years," the "alarmingly high rate of active COVID-19

---

[1] If, as Defendant suggests, inmate cases have remained in recent months in the low single digits (as they currently do, according to BOP data) at his institution because infected inmates are transferred to other facilities, that fact, although not particularly reassuring, would appear to weigh in the BOP's favor, as far as Defendant's protection at his institution. This observation, of course, would not account for the effect of staff and other transmissions.

7

cases at Defendant's facility," and the possibility that defendant's hypertension could be exacerbated by his diagnosed anxiety and depression. Defendant's other cited cases included inmates with other medical issues, in addition to hypertension.

Thus, Cubero's circumstances do not rise to a level satisfying Subdivision (D)'s "Other Reasons" provision. This conclusion should not detract from scrutiny of the BOP's ongoing management of the pandemic, but such an examination is beyond that of Defendant's specific health circumstances. The Court has concern for Cubero's well-being and is aware that the close quarters and special circumstances of prison create challenges during this pandemic. However, given Cubero's reported health, the Court chooses not to exercise its discretion to grant the Motion.[2] Therefore, it is

ORDERED THAT

Defendant Cubero's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 100] is DENIED.

DONE AND ORDERED in Miami, Florida, this 3rd day of February, 2021.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

---

[2] Because the Court finds no basis under Subdivision (D), the Court does not reach an analysis of Defendant's suitability for release under 18 U.S.C. § 3142(g) and the § 3553(a) factors.